## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**RONNIE L. CANTY,**

**Plaintiff,**

**v.**

**FRY'S ELECTRONICS, INC.;
RANDY FRY, President; TODD
SMITH, District Manager; SHAWN
VAUGHN, Store Manager; JOHN
MCGUFFIN, Assistant Store
Manager; and MICHAEL TOY,
Department Manager,**

**Defendants.**

**1:09-vc-3508-WSD-LTW**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Non-

Final Report and Recommendation ("R&R") [38][1] on Defendants' Motion to

Dismiss or, Alternatively, for Summary Judgment [24] and on Plaintiff Ronnie L.

Canty's ("Plaintiff") Objections to the R&R [43].

---

[1]  The R&R initially ordered that Plaintiff re-plead his Complaint in the manner
specified in the R&R within fourteen days after the R&R's issuance.  On July 22,
2010, the Magistrate Judge vacated that portion of the R&R to state that Plaintiff
was required to file his amended Complaint within fourteen days of the District
Court's Order on the R&R, should the R&R be adopted, and Defendants were
required to file a responsive pleading within fourteen days of Plaintiff filing his
amended Complaint.

## I.  BACKGROUND

Plaintiff, who is proceeding *pro se*, was formerly employed by Defendant Fry's Electronics, Inc. ("Fry's") at its Duluth, Georgia store.  On December 1, 2009, Plaintiff filed this action, asserting a number of claims related to his employment and his alleged constructive termination from his job.  Plaintiff asserts in his Complaint that Defendants discriminated and retaliated against him on the basis of his race and age.  Plaintiff also asserts claims for constructive discharge and negligence against Defendant.

The Court briefly summarizes the key facts of this case.[2]  In July 2007, Plaintiff, a 47 year old man, began working for Defendant as an Electronic Components Accessory Sales Associate.[3]  Within four months, Plaintiff was promoted to Electronic Components Accessory Sales Supervisor.  In July 2009, Plaintiff was promoted to Electronic Components Sales Supervisor.

---

[2] The R&R contains a thorough recitation of the facts of this case.  In his Objections, Plaintiff generally states that the R&R contains "omissions of facts" and other "simple errors of facts."  Plaintiff fails to identify any specific errors and omissions of fact, and, in the absence of specific objections, there is not any requirement that a district judge review factual findings de novo.  Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir.1993).  Having reviewed the R&R's statement of facts and finding no plain error in them, the Court adopts the facts as set out in the R&R.

[3]  Despite bringing claims for racial discrimination, Plaintiff does not identify his race in the Complaint.

Plaintiff alleges that he was discriminated against, harassed, and treated unfairly throughout the course of his employment at Fry's.  In September 2008, Plaintiff alleges that he complained to Michael Toy, his acting Department Manager, about "discriminatory practices, favoritism, and a hostile work environment."  Plaintiff claims that Defendants took unspecified "overt actions" against him after he complained of inadequate staff coverage, violations of Fry's "Five Hour rule," and "racial and staffing concerns."

In March 2009, Plaintiff submitted a "Tell Randy" form complaining of harassment, favoritism and retaliation.  Defendant Randy Fry ("Mr. Fry") is the president and co-founder of Fry's.  Mr. Fry works from Fry's corporate offices in California, and the "Tell Randy" form allows employees to send comments, questions, or concerns to this office.  Mr. Fry does not personally review these forms, but refers them to other Fry's employees for review and handling.

On April 17, 2009, Plaintiff received a letter from Sonja Jamili, Mr. Fry's executive assistant, stating that Plaintiff's "Tell Randy" form had been received and Plaintiff's complaints would be "reviewed personally by Randy and addressed accordingly."  Mr. Fry claims he does not recall receiving or reviewing Plaintiff's "Tell Randy" form, and he did not personally contact Plaintiff regarding it.  Mr. Fry further states that he did not speak about Plaintiff with any employees who had

responsibility for the Duluth, Georgia, Fry's store.  A few days after receiving Ms. Jamili's correspondence, Plaintiff was interviewed by Todd Smith, Plaintiff's District Manager, about his complaint.

In May 2009, Plaintiff was allegedly denied a promotion, which Plaintiff claims was filled by a younger, less-qualified white person.  Plaintiff alleges that he was also forced to work during a time he was scheduled to be on paid leave and that Defendant Toy took unspecified "adverse actions" against him after he complained about "staffing concerns."

On August 5, 2009, Plaintiff resigned from Fry's.  Plaintiff contends that he was constructively discharged based on various hostile actions taken by Defendants.

On May 19, 2009, Plaintiff allegedly completed an online questionnaire offered by the EEOC (the "Questionnaire").[4]  While Plaintiff's Questionnaire states various grievances Plaintiff has with Fry's, Plaintiff does not state in the questionnaire that he was being discriminated against based on his race or age.  At the end of the form, the individual asserting a grievance may either check Box 1, indicating the individual wishes to file an EEOC charge, or Box 2, indicating the

---

[4]  Plaintiff has attached a copy of this alleged questionnaire to his Response, which is extremely difficult to read.

individual does not desire to file an EEOC charge.  It is unclear based on the

quality of the copy what box Plaintiff checked, if any.

On May 29, 2009, Plaintiff allegedly traveled to the Atlanta EEOC office

and met with an investigator "with the expectation that an investigation would be

conducted" regarding Defendants' conduct.  Plaintiff did not receive a formal

EEOC charge or a Right to Sue Letter as a result of this meeting, and Plaintiff

claims that the investigator lost whatever paperwork was created at the meeting.

On July 30, 2009, Plaintiff returned to the EEOC office to follow-up with

the investigator about his claims.  Plaintiff alleges that he was told by the

receptionist that he would need to meet with a new EEOC investigator.  Plaintiff

alleges that he met with an investigator who filed a charge against Defendants

based on the most recent events Plaintiff discussed with that investigator.  Plaintiff

signed this charge which asserts that Defendants discriminated against Plaintiff on

the basis of his age by denying him vacation time-off and changing his work

schedule without his knowledge (the "July 30 EEOC Charge").  Plaintiff only

checked the box related to age discrimination on this form, leaving boxes for

discrimination based on race, color, sex, religion, national origin, retaliation,

disability, and "other" unchecked.

On March 19, 2010, Defendant moved to dismiss Plaintiff's complaint, or, alternatively, for summary judgment on Plaintiff's claims.  Defendants contend that: (1) Plaintiff's ADEA and Title VII claims against the individual defendants Randy Fry, Todd Smith, Shawn Vaughn, John McGuffin, and Michael Toy should be dismissed because these statutes do not provide for liability on the part of individuals; (2) Plaintiff's ADEA and Title VII claims should be dismissed against all Defendants because Plaintiff did not timely file an ADEA or Title VII discrimination charge with the EEOC, and Plaintiff's race, retaliation, promotion, and constructive discharge claims fall outside the scope of the July 30 EEOC Charge; (3) Plaintiff's constructive discharge claim, to the extent it is based on Georgia common law, fails as a matter of law; (4) Plaintiff's negligence claim should be dismissed because it fails to state a cognizable legal claim; (5) personal jurisdiction over Mr. Fry does not exist and he should be dismissed from this action; (6) Plaintiff's claims for compensatory and punitive damages pursuant to the ADEA should be dismissed because these types of damages are not available under this statute.

On January 20, 2010, the Magistrate Judge recommended Defendant's motion be granted in part and denied in part.  The Magistrate Judge recommended:

1. Mr. Fry be dismissed as a co-Defendant without prejudice for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2);

2. Plaintiff's Title VII and ADEA claims against the individual Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6);

3. Summary Judgment should be granted on all of Plaintiff's Title VII race claims and a number of his ADEA claims, on the ground that Plaintiff failed to exhaust his administrative remedies;

4. Defendants' Motion should be denied without prejudice as to Plaintiff's retaliation claim(s) and that Plaintiff should be required re-plead his Complaint to clarify his claims for retaliation and violations of Section 1981;

5. Plaintiff's constructive discharge claim should be denied without prejudice, but that Plaintiff should be allowed to clarify his constructive discharge claim;

6. Plaintiff's negligence claim be dismissed without prejudice;

7. Plaintiff's claims for compensatory and punitive damages under the ADEA should be dismissed.

Plaintiff filed his objections to the Magistrate Judge's conclusions of law and recommendations, and the Court considers Plaintiff's objections below.

## II.   DISCUSSION

A.   <u>Standard of Review on the Magistrate Judge's R&R</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v.</u>

Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A

district judge "shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh

consideration to those issues to which specific objection has been made by a

party.'"  Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512

(11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)).

With respect to those findings and recommendations to which a party has not

asserted objections, the Court must conduct a plain error review of the record.

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S.

1050 (1984).

B.     Plaintiff's Objections and Analysis

1. *Dismissal of Fry for Lack of Personal Jurisdiction*

The Magistrate Judge recommended that Mr. Fry be dismissed as a

defendant from this action for lack of personal jurisdiction pursuant to Federal

Rule of Civil Procedure 12(b)(2).  Plaintiff objects to this determination and

contends that the presence of "Ask Randy" forms in the Duluth, Georgia, Fry's

store demonstrates that Mr. Fry was transacting business in this state.  The Court

disagrees.

Where a defendant claims lack of personal jurisdiction, a plaintiff must establish a *prima facie* case of jurisdiction to survive a motion to dismiss. Francosteel Corp. v. M/V Charm, 19 F.3d 624, 626 (11th Cir. 1994).  In evaluating if personal jurisdiction exists, "[t]he court construes the allegations in the complaint as true to the extent that they are uncontroverted by defendant's evidence." Paul, Hastings, Janofsky & Walker v. City of Tulsa, Okla., 245 F. Supp. 2d 1248, 1253 (N.D. Ga. 2002) (citations omitted).  "Where there are conflicts between the parties' evidence, the court makes all reasonable inferences in favor of the plaintiff." Id.;  See also Aero Toy Store, LLC v. Grieves , 279 Ga. App. 515, 523 (2006) ("any disputes of fact in the written submissions supporting and opposing the motion to dismiss are resolved in favor of the party asserting the existence of personal jurisdiction"); Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988) (where evidence presented by the parties' affidavits conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff).

a.  Georgia's Long-Arm Statute

A federal court determines whether to exercise personal jurisdiction over a non-resident defendant by conducting a two-part inquiry.  The exercise of jurisdiction must (1) be appropriate under the state's long-arm statute; and (2) not violate the Due Process Clause of the Fourteenth Amendment of the United States

Constitution.  <u>Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.</u>, 593 F.3d

1289, 1257-58 (11th Cir. 2010).  The Georgia Long-Arm Statute provides that a

court:

> may exercise personal jurisdiction over any nonresident . . . as to a
> cause of action arising from any of the acts, omissions, ownership,
> use, or possession enumerated in this Code section, in the same
> manner as if he were a resident of the state, if in person or through an
> agent, he:
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state . . . ,
>
> (3) Commits a tortious injury in this state caused by an act or
> omission outside this state if the tort-feasor regularly does or solicits
> business, or engages in any other persistent course of conduct, or
> derives substantial revenue from goods used or consumed or services
> rendered in this state;
>
> (4) owns, uses, or possesses any real property situated within this
> state . . . .

O.C.G.A. § 9-10-91.[5]

    "Interpreted literally, 'transacts any business' requires that the 'nonresident

defendant has purposefully done some act or consummated some transaction in

[Georgia] . . . .'"  <u>Diamond Crystal Brands</u>, 593 F.3d at 1264.  The Georgia

Supreme Court has interpreted the "transacts business" prong of the long-arm

statute to permit the exercise of jurisdiction to the "maximum extent permitted by

---

[5]  Plaintiff does not challenge that this statute applies.

procedural due process" under the United States Constitution.  Innovative Clinical

& Consulting Servs., LLC v. First Nat. Bank , 279 Ga. 672, 676, (2005).

> b.  Due Process

Due process "requires that the defendant have minimum contacts with the

forum state and that the exercise of jurisdiction not offend 'traditional notions of

fair play and substantial justice.'"  Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925

(11th Cir. 2007).  Due process requires that a nonresident defendant be subject to

personal jurisdiction only when "the defendant's conduct and connection with the

forum State are such that he should reasonably anticipate being haled into court

there."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).  "Due process

contemplates two types of jurisdiction over the person: general and specific

jurisdiction."  Paul, Hastings, 245 F. Supp. 2d at 1253; see also Matthews, 291

F.3d at 747.

For general jurisdiction to apply, a nonresident defendant's "contacts with

the forum that are unrelated to the litigation must be substantial," in the nature of

"continuous and systematic general business contracts between the defendant and

the forum state."  Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1274 (11th Cir.

2002).[6]  Specific jurisdiction is present when the defendant's contacts with the forum state "satisfy three criteria: they must be related to the plaintiff's cause of action or have given rise to it; they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, and they must be such that the defendant should reasonably anticipate being haled into court there."  Eurisol, 488 F.3d at 925 (internal quotations omitted).

Jurisdiction must also comport with "traditional notions of fair play and substantial justice," which requires consideration of: "(a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate justice system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering substantive social policies."  Meier, 288 F.3d at 1276; citing Burger King v. Rudzewicz, 471 U.S. at 476-77; see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

---

[6] See also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

c.  Analysis

The Court agrees with the Magistrate Judge's determination that Mr. Fry does not fall within the reach of Georgia's long-arm statue.[7]  Plaintiff does not satisfy the first prong of the long arm statute because he has not demonstrated that Mr. Fry transacted any business in Georgia.  That Mr. Fry is president of a company that does business in Georgia is insufficient to satisfy this prong.  See Girard v. Weiss, 160 Ga. App. 295, 297-98 (1981) (finding that there was not personal jurisdiction over individual whose only connection to the forum was ownership interest in corporation subject to personal jurisdiction there).  The mere presence of the "Ask Randy" form in the Duluth Fry's store is also insufficient because it, at best, shows that inquiries from Georgia were sent to Fry's home offices in California.  See Diamond Crystal Brands, 593 F.3d at 1270 (an "act or consummation of some transaction must be made in the state"); see also Stuart v. Peykan, Inc., 261 Ga. App. 49 (2003) (finding that individual outside of Georgia who was solicited by a party inside George to guarantee a note did not have

---

[7]  The parties concede that the second and fourth prongs of the statute are not at issue in this litigation.

sufficient minimum contacts to establish personal jurisdiction).[8]  Plaintiff has not

set forth any evidence that Mr. Fry personally transacted business in Georgia.

Plaintiff has also not satisfied the third prong of Georgia's long arm statute,

because there is not any evidence that Mr. Fry, as an individual, "regularly does or

solicits business, or engages in any other persistent course of conduct" in Georgia.

O.C.G.A. § 9-10-91(3).  Plaintiff has not presented any evidence on this issue and

does not offer any specific objection to the Magistrate Judge's conclusion on this

issue.  The Court does not find any error in the Magistrate Judge's determination

that Mr. Fry does not fall within the reach of Georgia's long arm statute and is not

subject to personal jurisdiction in the state of Georgia.  Plaintiff's objection to the

recommendation that Mr. Fry be  dismissed from this action pursuant to Federal

Rule of Civil Procedure 12(b)(2) is overruled.

2.  *Dismissal of Plaintiff's Title VII and ADEA claims against Individual Defendants*

Plaintiff next objects to the Magistrate Judge's recommendation that

Plaintiff's Title VII and ADEA claims against the individual defendants be

dismissed.  Title VII and the ADEA do not impose liability on individuals

discrimination in violation of these statutes.  See Albra v. Advan, Inc., 490 F.3d

---

[8] And, of course, Mr. Fry denies ever having reviewed Plaintiff's "Ask Randy" grievance.

826, 829-30 (11th Cir. 2007); see also Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (relief under Title VII is available against only the employer and not against individual employees regardless of whether the employee is a public entity or a private company); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995) (individual defendants could not be held liable in their individual capacities under the ADEA or Title VII); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (individual capacity suits under Title VII are inappropriate; relief is to be found from the employer).  Plaintiff's objection to the recommendation that the ADEA and Title VII discrimination claims against the individual defendants be dismissed is overruled.

3.  *Summary Judgment Based On Failure To Exhaust Administrative Remedies*

The Magistrate Judge recommended that Plaintiff's ADEA claim, to the extent it was not based on Plaintiff's vacation request and scheduling issues, and his Title VII race claim be dismissed because Plaintiff failed to exhaust his administrative remedies.  The Magistrate Judge found further that these claims fell outside the scope of any reasonable investigation into Plaintiff's EEOC Charge and Questionnaire and thus they were not part of a charge filed with the EEOC. Plaintiff objects to this recommendation and finding on the grounds that the Questionnaire may constitute a charge of discrimination sufficient to have

exhausted Plaintiff's administrative remedies on his Title VII race and ADEA claims.[9]

A charge of discrimination must ordinarily be filed with the EEOC as a condition precedent to bringing a Title VII action since administrative review of any Title VII claim by the EEOC is a prerequisite to judicial review of such a claim.  See Chanda v. Engelhard/ICC, 234 F.3d 1219, 1225 (11th Cir. 2000); Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003) (en banc).  "EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.'"  Id. (quoting 29 C.F.R. § 1601.12(a)(3)).  The Supreme Court has found that an intake questionnaire may be sufficient to constitute an EEOC charge if the document reasonably can be construed as a request for agency action and appropriate relief on the employee's behalf.  See Federal Express Corp. v. Holowecki, 552 U.S. 389, 403-04 (2008).

---

[9]  Plaintiff objects that the Magistrate Judge should have considered Plaintiff's Questionnaire when determining whether Plaintiff exhausted his administrative remedies with respect to his Title VII and ADEA claims.  The Magistrate Judge, however, did consider the Questionnaire as a charge and this objection is overruled.  (See R&R 26 ("Here, assuming without deciding that Plaintiff's EEOC questionnaire constitutes a charge of discrimination . . . .").)

Although this Circuit liberally construes EEOC charges that are prepared without the assistance of counsel, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge . . . ."  Gregory v. Ga. Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir.2004) (quotations omitted).

The issue before the Court is whether an investigation into Plaintiff's Questionnaire and July 30 EEOC Charge would have reasonably revealed the Title VII race discrimination and the ADEA claims (other than those age discrimination claims expressly found in the July 30 EEOC Charge) claims asserted in the Complaint.  The Court agrees with the Magistrate Judge that these claims did not fall within nor were even suggested by or in the July 30 EEOC Charge or the Questionnaire.  The July 30 EEOC Charge and the Questionnaire do not mention discrimination on the basis of race.  They also do not mention discrimination on the basis of age, except for the instances noted in the July 30 EEOC Charge regarding Plaintiff's vacation requests and scheduling.  Plaintiff has simply failed to exhaust his administrative remedies with regard to all of his Title VII race claims and his ADEA claims, except those ADEA claims related to Plaintiff's vacation request and scheduling grievance.  See, e.g., Jillemann v. Univ of Cent. Fla, 167 F. App'x 147, 749-50 (11th Cir. 2007) (granting summary judgment as to

race and gender discrimination claims because they could not reasonably be

expected to grow out of the EEOC investigation into age discrimination failure to

hire claim).  Plaintiff's objection to the recommendation on Plaintiff's Title VII

and ADEA claims, other than those set out in the July 30 EEOC Charge is

overruled.[10]

    4.  *Request to Replead Retaliation and Section 1981 Causes of Action*

The Magistrate Judge ruled that Plaintiff's retaliation and Section 1981

claims, as stated in the Complaint, were too vague and insufficiently plead to make

a ruling on Defendants' Motion.  The Magistrate Judge recommended that

Defendants' motion on these issues be denied without prejudice and that Plaintiff

be ordered to re-plead these causes of action.  Plaintiff objects to this

recommendation by offering *non sequitur* citations to pleading standards, the

definition of protected activity, and the standard to state a *prima facie* case of

discrimination.

Under the Federal Rules of Civil Procedure, a complaint is required to

contain "enough facts to state a claim to relief that is plausible on its face."  <u>Bell</u>

---

[10]  Summary judgment is also appropriate for Plaintiff's constructive discharge
claim, to the extent that it is brought under the ADEA or Title VII, since it was
asserted, if at all, after the filing of the Questionnaire and EEOC Charge.

<u>Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007). [11]  To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  "Rule 8 (of the Federal Rules of Civil Procedure) requires that federal courts give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss.  While Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations," a complaint must do more than recite the elements of a cause of action and make conclusory statements. <u>Ashcroft</u>, 129 S. Ct. 1949.  The Eleventh Circuit has held that where a "more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least once chance to amend the complaint before the district court dismisses the action with prejudice . . . ." <u>Case v. Riley</u>, 270 F. App'x 908, 910 (11th Cir. 2008).

Plaintiff's claims for retaliation and those asserted under Section 1981 fail to meet these basic pleading requirements.  Plaintiff's Complaint offers conclusory

---

[11]  The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Twombly</u>, 550 U.S. 561 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The Court decided that "this famous observation has earned its retirement." <u>Id.</u> at 1969.

statements of alleged unlawful conduct, retaliatory acts, and adverse actions, without specifying specific facts to support these conclusions.  It is also unclear, for instance, whether Plaintiff is asserting that he was retaliated based on his age, his race, or both.  The Court agrees with the Magistrate Judge's recommendation that Plaintiff shall be required to re-plead his causes of action for retaliation and violations of Section 1981 and Plaintiff's objection to this requirement is overruled.

5. *Plaintiff's Objection that Issues of Material Fact Remain and That The Magistrate Judge Applied the Incorrect Legal Standard*

Plaintiff offers a general objection that the Magistrate Judge applied the incorrect legal standard when ruling on Defendants' Motion and that disputes of material fact remain.  Plaintiff's objection misstates the relevant law and reveals that Plaintiff, who is *pro se*, does not have a complete understanding of the R&R.

Plaintiff does not identify a single fact that he contends is disputed.  In fact, the Magistrate Judge found at least one material fact in dispute and interpreted that fact in Plaintiff's favor.  (See, e.g., R&R 33-34 (denying Defendants' Motion without prejudice where it was unclear whether Plaintiff had checked Box 2 on the Questionnaire which states, "I want to talk to an EEOC employee before deciding whether to file a charge of discrimination.  I understand that by checking this box, I have not filed a charge with the EEOC.")

The Court also finds that Plaintiff does not offer any support for his objection that the R&R failed to apply the correct legal standard.  Indeed, a careful review of the R&R demonstrates that the Magistrate Judge correctly applied the legal standards for Motions under Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 56.

6.  *Plaintiff's Remaining Claims*

Plaintiff does not offer any specific objections to the Magistrate Judge's recommendation that (1) Plaintiff's negligence claim be dismissed without prejudice; (2) Plaintiff's claims for punitive and compensatory damages under the ADEA be dismissed; and (3) Plaintiff re-plead his constructive discharge claim, to the extent this claim may still be viable.  Having reviewed the Magistrate Judge's R&R on these issues for plain error, the Court concludes Plaintiff's negligence claims and claims for compensatory and punitive damages should be dismissed, and his constructive discharge claim be re-plead so the Court can evaluate if it is viable.

**III.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Linda T. Walker's Final Report and Recommendation [38] and Plaintiff Ronnie L. Canty's Objections to the R&R [43] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants Motion to Dismiss or, Alternatively, for Summary Judgment [24] is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, the Motion is granted with respect to Defendant Randy Fry, who is dismissed as a Defendant from this action. The Motion is granted with respect to the Title VII and ADEA claims against Defendants Todd Smith, Shawn Vaughn, John Vaughn, John McGuffin, and Michael Toy. Summary judgment is granted as to Plaintiff's race discrimination claims brought pursuant to Title VII. Summary judgment is granted as to Plaintiff's age discrimination claims brought pursuant to the ADEA concerning his alleged constructive discharge, denial of promotion, rude and disrespectful treatment by Defendants, unfair write-ups, poor performance reviews, increased responsibility, and unfair criticism. The Motion is granted as to Plaintiff's negligence claim, and that claim is dismissed without prejudice. The Motion is granted as to Plaintiff's claim for compensatory and punitive damages in connection with his remaining ADEA claim or claims.

The Motion is denied without prejudice as to Plaintiff's retaliation and section 1981 claims, and Plaintiff is required to re-plead these claims.  The Motion is denied without prejudice as to Plaintiff's constructive discharge claim, and Plaintiff is required to re-plead that claim.

**IT IS FURTHER ORDERED** that Plaintiff shall re-plead his Complaint as required and specified in the July 19, 2010, R&R.  Plaintiff shall file his re-plead Complaint on or before September 20, 2010.  Plaintiff is allowed to re-plead any of the following claims:

1.  Plaintiff's claim for retaliation;

2.  Plaintiff's claim for violations of 28 U.S.C. § 1981;

2.  Plaintiff's claim for constructive discharge, to the extent it is not based on alleged violations of the ADEA or Title VII;

3.  Plaintiff's claim for negligence.

Defendants shall have fourteen days after Plaintiff files his re-plead Complaint to file an Answer or otherwise response to the re-plead Complaint.  Failure by the

Plaintiff to re-plead the claims by September 20, 2010, shall result in the claims being dismissed.

**SO ORDERED** this 31st day of August, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE