# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| **RONNIE L. CANTY,** | |
| **Plaintiff,** | |
| **v.** | **1:09-cv-3508-WSD** |
| **FRY'S ELECTRONICS, INC.; RANDY FRY, President; TODD SMITH, District Manager; SHAWN VAUGHN, Store Manager; JOHN MCGUFFIN, Assistant Store Manager; and MICHAEL TOY, Department Manager,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final

Report and Recommendation ("R&R") [145] on Fry's Electronics, Inc. ("Fry's"),

Todd Smith ("Smith"), Shawn Vaughn ("Vaughn"), and John McGuffin's

("McGuffin," collectively "Defendants") Motion for Summary Judgment [110],

Defendant Michael Toy's ("Toy") Motion to Dismiss or, Alternatively, for

Summary Judgment [131], and Ronnie L. Canty's ("Plaintiff") Reply and

Objection to Magistrate Judge's Final Report and Recommendation [148].

# I.   BACKGROUND[1]

## A.   Overview

On July 9, 2007, Plaintiff, a 47-year old African-American man, began working for Fry's as an Electronic Components Accessory Sales Associate at its Duluth, Georgia store.  In November 2007, Plaintiff was promoted to Electronic Components Accessory Sales Supervisor.  In July 2009, Plaintiff was promoted to Electronic Components Sales Supervisor.  On August 5, 2009, Plaintiff resigned and told his supervisor he was returning to school.

In this action, Plaintiff alleges that he was discriminated against, subjected to retaliation, harassed, and treated unfairly throughout the course of and after his employment at Fry's in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

## B.   Plaintiff's internal complaints and Fry's internal investigation

Plaintiff alleges he made complaints to his store management in 2008.  He claims he complained to his supervisor, Michael Toy, in August 2008, and his store manager, Shawn Vaughn, in November 2008, about "discriminatory practices

---

[1] The following short summary of facts are taken from the Magistrate Judge's R&R and the record.  Plaintiff fails to identify any errors or omissions of fact, and, in the absence of specific objections, there is no requirement that a district judge review factual findings de novo.  See Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir.1993).  Having reviewed the R&R's statement of facts and finding no plain error in them, the Court adopts the facts as set out in the R&R.

in scheduling" and areas of responsibility, favoritism, and hostile work environment.  He also claims he complained in November and December 2008, and January and February 2009, to John McGuffin, an assistant, and then later, store manager, and to Vaughn, of discriminatory practices in scheduling, retaliation, harassment, and hostile work environment.

On March 17, 2009, Plaintiff submitted a "Tell Randy" form (the "March 17th Internal Complaint") complaining of harassment, favoritism, and retaliation. Defendant Randy Fry ("Mr. Fry") is the president and co-founder of Fry's.[2]  Mr. Fry works from Fry's corporate offices in California, and the "Tell Randy" form allows employees to send comments, questions, or concerns to his office.  Mr. Fry does not personally review these forms, but refers them to other Fry's employees for review and handling.

The March 17th Internal Complaint stated:

> I believe that I am being harassed or managed out the door. Michael Toy, DM, is using work scheduling and DSC scheduling to retaliate against me.  I feel this way because of his personal relationship with one of our subordinates, Betelihem Worku.  Not only am I in fear of losing my job, but my wellbeing as well.

> I have had discussions with Vaughn, Store Manager, and he refered [sic] me back to Toy.  Said it was a personal issue between me and him.

---

[2] Mr. Fry was dismissed from this action on September 1, 2010.  (Order of Sept. 1, 2010, at 22).

> On 03/15/09, I attempted to discuss the scheduling issue with McGuffin, however, after his response to the issue, I felt slightly intimidated by his response and reaction to the topic.

(Ex. 11 to Pl.'s Dep.).

On April 17, 2009, Plaintiff received a letter from Sonja Jamili, Mr. Fry's executive assistant, stating that Plaintiff's "Tell Randy" form had been received and Plaintiff's complaint would be "reviewed personally by Randy and addressed accordingly." Mr. Fry claims he does not recall receiving or reviewing Plaintiff's "Tell Randy" form, and he did not personally contact Plaintiff regarding it. Mr. Fry further states that he did not speak about Plaintiff with any employees who had responsibility for the Duluth, Georgia store.

A few days after receiving Ms. Jamili's correspondence, Plaintiff was interviewed by Todd Smith ("Smith"), Plaintiff's District Manager, as part of an investigation into Plaintiff's "Tell Randy" internal complaint, in which Plaintiff claimed he told Smith during their discussion that any reference to a hostile work environment in his "Tell Randy" complaint related to Ms. Worku, whom Plaintiff complained was allowed to work more favorable schedules than Plaintiff. Plaintiff also complained to Smith about Michael Toy, Plaintiff's immediate supervisor, who is African-American. Plaintiff claimed that Toy frequently changed Plaintiff's schedule without notifying him.

Plaintiff and Smith had a further meeting in late May or early June 2009 to determine if Plaintiff had continuing concerns.  Plaintiff never discussed his "Tell Randy" internal complaint with his supervisors at the Fry's store where he worked, and he never told anyone at the Fry's store at which he worked of his conversations with Smith.

C.   Plaintiff's allegation of denial of a promotion and his consultations with the Equal Employment Opportunity Commission

Plaintiff alleges that he was denied a promotion to a more senior supervisory position in May 2009, which Plaintiff claims was filled by a younger, less-qualified white person.

On May 19, 2009, Plaintiff completed an online intake questionnaire (the "Intake Questionnaire") on the Equal Employment Opportunity Commission's ("EEOC") website.  Plaintiff claims that after completing the Intake Questionnaire, he was denied previously approved time off and was subjected to additional work pressure by Toy, to include being counseled in writing multiple times for various shortcomings and being placed on a probationary employment period.  Plaintiff admits that he did not tell anyone at Fry's, including Toy, about completing an online EEOC Intake Questionnaire.

On May 29, 2009, Plaintiff appeared at the Atlanta EEOC office and met with an investigator "with the expectation that an investigation [of Plaintiff's

complaints] would be conducted." Plaintiff did not file a formal EEOC charge of discrimination or receive a right to sue letter as a result of this meeting. Plaintiff claims that the investigator later told him that the paperwork created at the May 29, 2009, meeting had been lost.

On July 30, 2009, Plaintiff returned to the EEOC office to follow-up with the investigator about his claims. Plaintiff met with a different EEOC investigator. Following this meeting, Plaintiff filed a charge of discrimination against Defendants in which Plaintiff asserts that Defendants discriminated against Plaintiff on the basis of his age by denying him vacation time-off and changing his work schedule without his knowledge (the "July 30 EEOC Charge"). Plaintiff checked only the box for age discrimination on this form. He did not check the boxes for discrimination based on race, color, sex, religion, national origin, retaliation, disability, or the generic box labeled "other."

On August 28, 2009, the EEOC issued a right to sue letter to Plaintiff. A copy was provided to Fry's on September 2, 2009. Until it received a copy of the right to sue letter from the EEOC, no one at Fry's had any knowledge that Plaintiff had contacted the EEOC to file a charge of discrimination relating to his employment. Plaintiff admits that he never told anyone at Fry's that he had contacted the EEOC or asserted a discrimination complaint with the EEOC office.

D.     Plaintiff's resignation and dispute over unemployment benefits

On August 5, 2009, Plaintiff resigned from Fry's, telling his employer that he was returning to school.  After resigning, Plaintiff applied for unemployment benefits from the Georgia Department of Labor.  Fry's completed a Georgia Department of Labor Form 1199 in response to Plaintiff's application for unemployment benefits.  Fry's opposed granting benefits on the grounds that Plaintiff voluntarily resigned in order to return to school.

On September 28, 2009, an unemployment benefits hearing was held by the Georgia Department of Labor.  At the hearing, Plaintiff argued he was entitled to benefits because he was constructively discharged due to harassment and retaliation.  The Department of Labor found that Plaintiff was not entitled to unemployment compensation.  Plaintiff appealed the decision denying him unemployment benefits to the Gwinnett County Superior Court, which upheld the Department of Labor's decision.

E.     Procedural history of this action

On December 1, 2009, Plaintiff, who is proceeding *pro se*, filed this action.

On February 19, 2010, Defendants moved to dismiss Plaintiff's complaint, or, alternatively, for summary judgment [24].

On July 19, 2010, the Magistrate Judge issued her Non-Final R&R and recommended Defendants' motion be granted in part and denied in part [38]. Plaintiff filed his objections to the Magistrate Judge's conclusions of law and recommendations [43].

On September 1, 2010, the Court adopted the Magistrate Judge's Non-Final R&R; granted in part and denied in part Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment; dismissed the claims against Mr. Fry; and ordered Plaintiff to re-plead his Complaint with regard to the claims that were not dismissed by the Court [46].

On September 17, 2010, Plaintiff filed his Second Amended Complaint [47]. On December 21, 2010, Plaintiff sought leave to file a Third Amended Complaint, which was granted by the Court on June 7, 2011 [79, 116].[3]

In his Third Amended Complaint, Plaintiff asserts that Defendants discriminated and retaliated against him on the basis of his race [117]. Plaintiff also claims he was constructively discharged and that Defendants otherwise were negligent in the investigation and resolution of Plaintiff's complaints.

---

[3] On May 9, 2011, Plaintiff filed a motion to compel the production of certain documents by Defendants [104]. On June 30, 2011, the Court held a discovery conference where remaining discovery issues were resolved and, based on responses by Defendants, Plaintiff's motion to compel was denied as moot [126]. After the completion of the discovery conference, the parties filed responsive pleadings to Defendants' Motion for Summary Judgment [134, 135, 143].

On June 1, 2011, Defendants moved for summary judgment on all of Plaintiff's claims [110].

On July 14, 2011, Toy filed a Motion to Dismiss or, Alternatively, for Summary Judgment [131].

On February 2, 2012, the Magistrate Judge issued her Final R&R recommending that summary judgment on all of Plaintiff's claims be granted for Defendants [145].

On February 24, 2012, after being granted an extension of time to object, Plaintiff filed his Reply and Objection to Magistrate Judge's Final Report and Recommendation [148].

On March 12, 2012, Defendants filed a Response to Plaintiff's Reply and Objection to Magistrate Judge's Final Report and Recommendation [149].

## II.   DISCUSSION

   A.   Standard of review for a Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh

consideration to those issues to which specific objection has been made by a

party.'"  Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512

(11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess. (1976)).

With respect to those findings and recommendations to which a party has not

asserted objections, the Court must conduct a plain error review of the record.

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S.

1050 (1984).

> B.   Analysis of Plaintiff's Objections

After having carefully reviewed Plaintiff's *pro se* Objections [148], the

Court finds that Plaintiff has asserted six objections to the Final R&R.  They are

considered below.

> 1.   *Summary judgment on Plaintiff's pre-resignation retaliation claims*

Plaintiff objects to the recommendation that summary judgment be granted

to Defendants on his pre-resignation retaliation claims based on the lack of a causal

connection between his alleged complaints and retaliatory actions.  Plaintiff claims

"the totality of the circumstance [sic] would demonstrate that the preferential

scheduling of the white manager-in-training over that of the black manager-in-

training was a direct violation of violation of Title VII" in the form of retaliation to his written complaint to Fry's headquarters on March 17, 2009.  (Pl.'s Objection at 4).  Plaintiff claims that there were sufficient instances of harassment that a reasonable jury could find in his favor.

Title VII prohibits discrimination against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  An employee engages in protected activity if he opposes an employment practice based on a good faith, reasonable belief that the practice violates Title VII or Section 1981.  See, e.g., Bryant v. United States Steel Corp., 428 F. App'x 895, 898 (11th Cir. 2011); Little v. United Techs., 103 F.3d 956, 960 (11th Cir. 1997).  "Filing an EEOC charge is statutorily protected activity in this regard."  Birdyshaw v. Dillard's Inc., 308 F. App'x 431, 436 (11th Cir. 2009).  An internal complaint about unfair treatment or general harassment, without an allegation of discrimination based on race, sex, or national origin, is not protected activity.  See id. at 436-37 (citing Coutu v. Martin Cnty. Bd. of Cnty Comm'rs, 47 F.3d 1068, 1074 (11th Cir. 1995)).

The Eleventh Circuit broadly construes the causal relationship between protected activity and an adverse retaliatory action.  See Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004).  A plaintiff, however, still is required to demonstrate that the plaintiff engaged in protected activity and that there is a causal connection between the protected activity alleged and an adverse action. See id.

Plaintiff's March 17th Internal Complaint does not constitute protected activity.  The internal complaint, by its terms, only complains of unfair treatment and does not assert an allegation of discrimination based on his or anyone else's status as a member of a protected class.  See id.  Plaintiff, the Court notes, has not objected to the Magistrate Judge's finding that when he complained to his supervisors, he did not even suggest discrimination on the basis of race, color, or any other classification protected by Title VII or Section 1981.[4]  (R&R at 20).  The

---

[4] The Court notes that Plaintiff claimed in his Response to Defendants' Motion for Summary Judgment that he made unspecific, general verbal complaints to Toy about "favoritism of a white manager-in-training over a black manager-in-training."  (R&R at 22).  The Magistrate Judge considered this argument and concluded that it was unsupported by any evidence in the record and was insufficient to raise a genuine issue of fact on this claim because, even if true, those comments could not be construed as a complaint about racial discrimination in scheduling to rise to the level of protected activity.  (Id. at 22-23).  The Court notes that Plaintiff stated in a letter to the EEOC on July 1, 2009, his understanding that his generic claims of hostile work environment, retaliation, and harassment— without any assertion that the actions were based on his membership in a protected

Court finds Plaintiff's complaints to Defendants do not constitute protected activity and cannot serve as the basis for his claims of pre-resignation retaliation.

Plaintiff also cannot demonstrate any causal connection between his statutorily-protected activity in complaining to the EEOC and any adverse action taken against him by Defendants.  It is undisputed that Defendants did not know about his written complaint to and meetings with the EEOC.

The Court finds that Plaintiff failed to demonstrate a causal connection between any protected activity and adverse action because his pre-resignation internal complaints are not protected activity and Defendants did not know of his statutorily-protected EEOC activity before his resignation.  See Birdyshaw, 308 F. App'x at 436-37; Higdon, 393 F.3d at 1220 (quoting Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1180 n.3 (11th Cir. 2003)) ("'A plaintiff satisfies this [causal connection] element if [s]he provides sufficient evidence' of knowledge of the protected expression and 'that there was a close temporal proximity between this awareness and the adverse . . . action.'").  Plaintiff's first Objection is overruled.

---

class—are not actionable under Title VII.  See (Ex. M to Pl.'s Aff.).  The Court specifically finds that the Magistrate Judge did not plainly err in her analysis and that these comments, even if they were supported by the record, do not constitute protected activity.

> 2.   *Summary judgment on Plaintiff's post-resignation retaliation claims*

Plaintiff generally objects to the recommendation that summary judgment be granted to Defendants on his post-resignation retaliation claims on the basis that the Magistrate Judge was "unable to conclude that a reasonable worker would be dissuaded from opposing discrimination or filing a charge of discrimination because his or her employer may report accurate information to the [Department of Labor]."  Plaintiff claims the Magistrate Judge incorrectly found that Plaintiff failed "to assert any facts tending to show that McGuffin was responsible for securing the attendance of Plaintiff's witnesses, that McGuffin knew the identity of Plaintiff's witnesses, or was on notice that Plaintiff expected McGuffin to secure Plaintiff's witnesses' attendance."  (Pl.'s Objections at 6; R&R at 29-30).  Plaintiff also claims summary judgment is inappropriate based on the manner in which his unemployment benefits hearing was conducted, to include the failure by Defendants to provide certain documents and to procure the attendance of witnesses.  (Pl.'s Objections at 6-7).

Defendants reported to the Department of Labor that Plaintiff resigned because he told them he was returning to school.  Plaintiff claims further that Defendants were responsible for assisting Plaintiff to produce and present

Plaintiff's evidence at the unemployment benefits hearing and that failure to do so provides bases for some sort of federal claim.

Plaintiff does not offer any evidence that Defendants had any responsibility to provide him any assistance at his unemployment benefits hearing. Plaintiff specifically has not shown that Defendants were obligated to arrange for witnesses to attend the hearing to assist Plaintiff or were even aware of "Plaintiff's witnesses." Even if Defendants had some duty to help Plaintiff at the unemployment benefits hearing in the manner that he claims—and the Court is not aware of any such duty—the Court determines that a rational trier of fact could not find that a failure to procure and provide witnesses and documents constitutes a materially adverse action which might dissuade a reasonable worker from making or supporting a discrimination charge. See Burlington N. Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Plaintiff's second Objection is overruled.

### 3. Summary judgment on Plaintiff's negligence-based retaliation claims

In his third Objection, Plaintiff challenges the Magistrate Judge's legal conclusion that Plaintiff's negligence-based retaliation claim is not actionable under Title VII because Plaintiff "cannot establish a Title VII retaliation claim derived from Defendants' failure to adequately investigate his complaints to

15

management."  (Pl.'s Objections at 7, R&R at 30-31).  Plaintiff argues that he "triggered the protections of Title VII against retaliation once he submitted his internal complaint alleging [unspecified] harassment and retaliation," and this action "put [his] employer on notice and [it] failed to stop the harassment and retaliation."  (Pl.'s Objections at 7).

The Court finds, as did the Magistrate Judge, that Defendants' alleged negligent failure to investigate Plaintiff's generic harassment complaints to management cannot serve as a basis for a claim for retaliation under Title VII.[5] See Ricci v. DeStefano, 129 S. Ct. 2568, 2672 (2009) (Title VII protects against intentional discrimination and conduct that creates a disparate impact); St Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993) (in employment discrimination cases, plaintiff has ultimate burden of proving intentional discrimination); Walker v. NationsBank of Fla., N.A., 53 F.3d 1548, 1555 (11th Cir. 1995) (plaintiff must prove intentional discrimination).  The Court finds that Plaintiff has not offered any evidence that Defendants knew or should have known of any alleged retaliation or harassment and failed to stop it from occurring such that vicarious liability under Title VII would exist.  See, e.g., Burlington Indus. v. Ellerth, 524 U.S. 742, 756 (1998) (Title VII is based on intentional conduct and an employer is

---

[5] The Court notes that an investigation was conducted into Plaintiff's March 17th Internal Complaint.

not liable unless it knew or should of known of unlawful conduct by an employee and failed to stop it); Hollins v. Delta Airlines, 238 F.3d 1255, 1258 (10th Cir. 2001) (party seeking to prove negligence based employment discrimination claim must prove employer's conduct unreasonable).   Plaintiff's third Objection is overruled.

> ### 4.   *Summary judgment on Plaintiff's failure to promote claim*

In his fourth Objection, Plaintiff objects to the Magistrate Judge's finding and recommendation that summary judgment should be granted to Defendants on his claim of discrimination based on a failure to promote.  (Pl.'s Objections at 7-8). Plaintiff claims the Magistrate Judge incorrectly found that Plaintiff cannot make out a *prima facie* case of racial discrimination based on circumstantial evidence under the McDonnell Douglas framework, even though it is undisputed that the position Plaintiff claims he should have been promoted into "was not available [to him] and was not filled [by him] because it remained occupied by [another employee]" and there is no evidentiary support for any argument that the position was intentionally not made available to deny Plaintiff a promotion opportunity. (Pl.'s Objections at 7-8; R&R at 34-35).  Plaintiff also objects to the Magistrate Judge's finding that there is no direct evidence of discrimination or evidentiary

support for finding a discriminatory pattern or practice in Defendants' promotion policies.  (Pl.'s Objections at 7-8, R&R at 35).

Plaintiff claims that his promotion in July 2009 to a supervisory position is direct evidence of discrimination.  Plaintiff claims his July 2009 promotion is consistent with his contention that Defendants had a custom or practice of automatically promoting personnel into senior supervisory positions.  The July 2009 promotion, in Plaintiff's mind, shows that Defendants deviated from that practice when, two month earlier, in May 2009, Plaintiff was not promoted.  The Court disagrees with this tortured logic.

The Eleventh Circuit has defined "direct evidence of discrimination as evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination . . . complained of by the employee."  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir. 2004) (quoting Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999)) (internal quotation marks omitted).

The standard for showing direct evidence is a stringent one and only the most blatant comments will serve to prove such intent.  Earley v. Champion Intern. Corp., 907 F.2d 1077, 1081-82 (11th Cir. 1990).  The direct evidence must relate to the specific employment decision at issue without any inference or presumption.

EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000); Carter v. City of Miami, 870 F.2d 578, 581-82 (11th Cir. 1989) ("Direct evidence of discrimination [is] evidence which, if believed, would prove the existence of a fact without inference or presumption.").

The Court finds that the July 2009 "proof" of Plaintiff's promotion is insufficient to constitute direct evidence of discrimination because it does not, directly or inferentially, show that Plaintiff was discriminatorily denied a promotion in May 2009.

A *prima facie* case of discrimination under McDonnell Douglas requires that a plaintiff demonstrate that a position was available that Plaintiff applied for, was qualified for, and for which Defendant was accepting applications or trying to fill; or, that other equally or less qualified employees outside Plaintiff's protected class were promoted.  See Wilson, 376 F.3d at 1088; Schoenfield v. Babbitt, 168 F.3d 1257, 1267 (11th Cir. 1999).  It is undisputed that the position Plaintiff claims he should have been promoted into "was not available and was not filled because it remained occupied by [another employee]."  As a result, there is no evidentiary support for Plaintiff's argument that the position was intentionally not made available to deny Plaintiff a promotion opportunity.  Plaintiff failed to make a

*prima facie* case for his failure to promote claim based on circumstantial evidence. (Pl.'s Objections at 7-8; R&R at 34-35).

The Court also finds that the circumstantial evidence offered by Plaintiff in support of this claim is otherwise insufficient to establish a disputed issue of fact. See <u>Smith v. Lockheed-Martin Corp.</u>, 644 F.3d 1321, 1328 (11th Cir. 2011) ("plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent").

Plaintiff's fourth Objection is overruled.

>    5.    *Granting of summary judgment in light of Plaintiff's allegation that Defendants failed to comply with discovery obligations*

In his fifth Objection, Plaintiff objects to the finding and recommendation of the Magistrate Judge that his request to deny summary judgment based on insufficient discovery be denied.  Plaintiff appears also to object to the Magistrate Judge's finding that Defendants complied with their discovery obligations, Plaintiff cannot identify any documents that exist and have not been produced, and, even if unproduced documents existed, Plaintiff cannot show they are relevant to establish a causal connection between any decision to schedule him for work shifts

and any protected activity that occurred prior to his resignation.[6]  (Pl.'s Objections

at 8-9, R&R at 36-37).

"The law in this circuit is clear: the party opposing a motion for summary

judgment should be permitted an adequate opportunity to complete discovery prior

to consideration of the motion."  Jones v. City of Columbus, Ga., 120 F.3d 248,

253 (11th Cir. 1997).

In Snook v. Trust Co. of Ga. Bank of Savannah, N.A., the Eleventh Circuit

stated:

> The party opposing a motion for summary judgment has a right to
> challenge the affidavits and other factual materials submitted in
> support of the motion by conducting sufficient discovery so as to
> enable him to determine whether he can furnish opposing
> affidavits . . . .  If the documents or other discovery sought would
> be relevant to the issues presented by the motion for summary
> judgment, the opposing party should be allowed the opportunity to
> utilize the discovery process to gain access to the requested
> materials . . . .  Generally summary judgment is inappropriate
> when the party opposing the motion has been unable to obtain
> responses to his discovery requests.

859 F.2d 865, 870 (11th Cir. 1988) (citations omitted).

Plaintiff had the opportunity to conduct the discovery he asserts he needed to

adequately respond to Defendants' Motion for Summary Judgment.  There is no

---

[6] The Court notes that Plaintiff claims in his Objections that his Motion to Compel
[104] was never decided, however it was denied as moot by Magistrate Judge
Walker on June 30, 2011, at the discovery conference he attended [126].

indication that Defendants failed to comply with their discovery obligations other than Plaintiff's unsupported assertions that he did not receive the documents to which he feels he is entitled.  The Court observes that the Magistrate Judge conducted a discovery conference in June 2011 to address all the issues Plaintiff now raises, denied his Motion to Compel as moot based on responses from Defendants, and addressed the remaining discovery issues that were relevant to this action.  Plaintiff did not move to reconsider this order and he did not file any additional challenges to Defendants discovery.

The Court finds Plaintiff had full access to the discovery process and that the parties met their discovery obligations.  The Court specifically finds that Plaintiff was permitted a more than "adequate opportunity to complete discovery prior to consideration of the motion."  <u>Jones</u>, 120 F.3d at 253.  Plaintiff's objection that summary judgment is inappropriate due to a lack of complete discovery is overruled.

> 6.  *Summary judgment on Plaintiff's constructive discharge claim*

In his sixth and final Objection, Plaintiff notes that the Magistrate Judge did not address his constructive discharge claim and argues that it should survive summary judgment because Defendants had sufficient time to correct the issues he

complained of between the filing of his internal complaint in March 2009 and his resignation in August 2009. (Pl.'s Objections at 9-10).

When, on July 30, 2009, Plaintiff filed his charge of discrimination with the EEOC, he did not assert a constructive discharge claim because he had not yet resigned. Based on this, the Court previously stated that "[s]ummary judgment is also appropriate for Plaintiff's constructive discharge claim, to the extent that it is brought under the ADEA or Title VII, since it was asserted, if at all, after the filing of the Questionnaire and EEOC Charge" and Plaintiff failed to exhaust his administrative remedies, as required under the ADEA or Title VII, with regard to his claim of a constructive discharge. (Order of Sept. 1, 2010, at 18 n.10). After issuance of the September 10, 2010, Order, Plaintiff filed his Third Amended Complaint, in which Plaintiff asserts that his constructive discharge claim is brought under Title VII. (Third Am. Compl. at 12).

A charge of racial discrimination must ordinarily be filed with the EEOC within 180 days of the alleged unlawful employment practice as a condition precedent to bringing a Title VII action since administrative review of any Title VII claim by the EEOC is a prerequisite to judicial review of such a claim. See 29 U.S.C. § 626(d)(1)(A); 42 U.S.C. § 2000e-5(e)(1); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); Chanda v. Engelhard/ICC, 234 F.3d 1219,

1225 (11th Cir. 2000); Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000), overruled on other grounds by, Manders v. Lee, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003) (en banc).

EEOC regulations state that charges should contain, among other things, "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices."  29 C.F.R. § 1601.12(a)(3).  The Supreme Court has found that an intake questionnaire may be sufficient to constitute an EEOC charge for the purposes of an ADEA or Title VII claim if the document reasonably can be construed as a request for agency action and appropriate relief on the employee's behalf.  See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 403-04 (2008).  Although this Circuit liberally construes EEOC charges that are prepared without the assistance of counsel, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  Gregory v. Ga. Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting Alexander, 207 F.3d at 1332).

In this case, Plaintiff did not file a charge of discrimination asserting a constructive discharge claim under Title VII with the EEOC in either his July 30 EEOC Charge or Intake Questionnaire.  Plaintiff's objection is thus required to be

overruled and summary judgment for Defendants is granted because Plaintiff failed to exhaust his administrative remedies and failed to meet the requirements for asserting this claim under Title VII.

Having conducted a *de novo* review of the issues to which Plaintiff has objected and finding that all of Plaintiff's objections are overruled, and having reviewed the remainder of the R&R and finding that the Magistrate Judge did not plainly err, the Court adopts the R&R.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Linda T. Walker's Final Report and Recommendation [145] and Plaintiff's Objections to the R&R [148] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [110] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Toy's Motion to Dismiss or, Alternatively, for Summary Judgment [131] is **GRANTED** as to the Motion for Summary Judgment and his alternative Motion to Dismiss is **DENIED**.

**SO ORDERED** this 26th day of March, 2012.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE